WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter James Pain,<br><br>    Plaintiff,<br><br>v.<br><br>Matthew W Alexander, et al.,<br><br>    Defendants. | No. CV-17-00215-TUC-RM<br><br>**ORDER** |

    Trial in the above-captioned case is scheduled to begin on August 9, 2021. (Doc. 116.) Currently pending before the Court is Defendant Matthew Alexander's Motion in Limine to Preclude TPD General Orders. (Doc. 112.) The Court heard oral argument on February 11, 2021, and took the matter under advisement. (Doc. 116.)

**I.**    **Background**

    Plaintiff initiated this action on May 11, 2017 (Doc. 1) and filed an Amended Complaint on November 6, 2017 (Doc. 15). In Count I of the Amended Complaint, Plaintiff alleged that Defendant Matthew Alexander used excessive force in violation of the Fourth Amendment by beating him with his fist and baton, breaking his jaw in three places. (Doc. 15 at 3.) In Count II, Plaintiff alleged that the City of Tucson inadequately trained and supervised its police officers. (*Id.* at 4.) The Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915A(a), ordered Defendant Matthew Alexander to answer Count I, and ordered the City of Tucson to answer Count II. (Doc. 18.) The Court later granted summary judgment to the City of Tucson on Count II, leaving the

excessive force claim alleged against Defendant Alexander in Count I as the only remaining claim in the case. (Doc. 67.)

**II.    Discussion**

In his Motion in Limine to Preclude TPD General Orders, Defendant Alexander asks the Court to (1) preclude Plaintiff from introducing or eliciting testimony concerning the Tucson Police Department ("TPD") General Orders listed by Plaintiff in the parties' Joint Proposed Pretrial Order, and (2) preclude Plaintiff from inferring or arguing that Defendant failed to follow TPD policies or procedures. (Doc. 112.) Defendant argues that TPD's internal policies and procedures are irrelevant to Plaintiff's Fourth Amendment claim and that allowing Plaintiff to introduce them as a standard will only serve to confuse and mislead the jury. (*Id.* at 1-2.) Defendant also notes that in the Joint Proposed Pretrial Order, Plaintiff listed exhibits that differ from those that were disclosed in this matter, and he argues that those exhibits should be precluded for non-disclosure. (*Id.* at 2-3.)

Plaintiff argues in response that the TPD General Orders are directly relevant to Plaintiff's Fourth Amendment excessive force claim and will assist the jury in determining whether Defendant's use of force was reasonable under the circumstances of his arrest of Plaintiff. (Doc. 113 at 1-2.) Plaintiff further argues that he can correct any errors in his identification of the TPD General Orders at issue. (*Id.* at 2.)

Evidence is relevant if it has any tendency to make a fact that "is of consequence in determining the action" either "more or less probable than it would be without the evidence." Fed. R. Evid. 401(a)-(b). Relevant evidence is generally admissible, Fed. R. Evid. 402, although it may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403.

In support of his argument that evidence of the TPD General Orders should be precluded under Rules 401, 402, and 403, Defendant relies on *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005). In that case, the Tenth Circuit found no abuse of discretion

1 in the trial court's exclusion of a police department's excessive force policies in a trial involving an excessive force claim. *Id.* at 1161-67. The court reasoned that the issue of whether the defendant violated the policies was irrelevant to the issue of whether he violated the Fourth Amendment's reasonableness standard. *Id.* at 1161-64. *Tanberg* supports Defendant's position, but it is not controlling precedent.

The Ninth Circuit has indicated that internal police guidelines may be relevant to determining whether a police officer's use of force was objectively reasonable so long as one of the purposes of the policies "is to protect the individual against whom force is used." *Scott v. Henrich*, 39 F.3d 912, 915-16 (9th Cir. 1994); *see also Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (considering expert declaration regarding whether the defendant's conduct comported with police department policy). Review of the TPD General Orders at issue reveals that at least one of their purposes is to protect arrestees such as Plaintiff. (*See* Doc. 112-1.) Accordingly, the General Orders are relevant to the issue of whether Defendant's use of force was reasonable. *See Scott*, 39 F.3d at 915-16. The probative value of the evidence is not substantially outweighed by Rule 403 concerns.

Because Plaintiff erroneously misidentified some of the General Orders at issue in the parties' Joint Proposed Pretrial Order, the Court will allow the parties to file a revised Joint Proposed Pretrial Order that corrects the identifications.

**IT IS ORDERED** that Defendant's Motion in Limine to Preclude TPD General Orders (Doc. 112) is **denied**.

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

1     **IT IS FURTHER ORDERED** that, within **fourteen (14) days** of the date this Order is filed, the parties shall file a revised Joint Proposed Pretrial Order that corrects Plaintiff's identification of the relevant TPD General Orders.

    Dated this 23rd day of February, 2021.

_____
Honorable Rosemary Márquez
United States District Judge